## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:22-CR-50045-1 |
| *v.* | |
| ANGEL BARRERA-ESTEVES | HON. IAIN D. JOHNSTON |

## MEMORANDUM OPINION AND ORDER

Angel Barrera-Esteves moves to dismiss the superseding indictment against him. Because no basis for the motion is stated, the Court construes the motion as proceeding under Federal Rule of Criminal Procedure 12(b)(3)(v) for the indictment's failure to state an offense. The indictment comprises two counts. Mr. Barrera-Esteves contends that they each fail to state an offense because they both violate the Second Amendment as applied to him.[1] Because these as-applied challenges are not properly raised and cannot properly be decided at this point, they are denied without prejudice.

## LEGAL STANDARD

Motions under Rule 12 may be raised and decided in advance of a trial on the merits only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). "If contested facts surrounding the commission of the offense

---

[1] His ostensible as-applied challenge to Count Two is perhaps better understood as both a facial and as-applied challenge, as described below.

would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *Pope*, 613 F.3d at 1259.

**ANALYSIS**

**I. 18 U.S.C. § 922(k).**

Count One of the superseding indictment charges that Mr. Barrera-Esteves did "knowingly possess a firearm, namely a . . . handgun, from which the . . . serial number" was effaced, in violation of 18 U.S.C. § 922(k). He argues that his prosecution under §922(k) is unconstitutional, as the statute is applied to him, because it regulates conduct protected by the "plain text" of the Second Amendment in a manner inconsistent with the American tradition of firearm regulation. Motion [48] at 3-4.

Mr. Barrera-Esteves does not allege that the facts in the indictment fail to state an offense as a matter of statutory construction. He instead raises an affirmative defense sounding in the Second Amendment, arguing in effect that, even if the facts in the indictment are true, he "cannot be guilty of the charged offense by dint of the Constitution's guarantees," the statute notwithstanding. *Pope*, 613 F.3d at 1261. And he does not challenge the statute on its face, but only alleges that it is unconstitutional as applied to him. Motion [48] at 4-8.

To establish such a defense, it would first have to be demonstrated that the charged conduct falls within the ambit of the Second Amendment. Under *Bruen*, all conduct that falls within the Second Amendment's "plain text" is presumptively protected. *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). But even if it were true that the indictment in effect charges him with keeping or bearing an

2

arm in common use today—two elements of the textual guarantee, *D.C. v. Heller*, 554 U.S. 570, 584, 627 (2008)—the indictment is silent about the *purpose* for which he possessed the handgun. And whether the Second Amendment protects the keeping or bearing of arms depends on the purpose of one's doing so. *See Heller*, 554 U.S. at 592, 595 (holding that the Second Amendment's textual elements confer an individual right to "possess and carry weapons in case of confrontation," but cautioning that the Second Amendment cannot be read to confer an "unlimited" right to carry arms "for *any sort* of confrontation," just as the First Amendment does not protect the right to speak for "*any purpose*").

So, Mr. Barrera-Esteves's as-applied challenge will depend on whether he possessed the handgun for a lawful purpose (chief among which is self-defense in the event of a confrontation, *see Heller*, 554 U.S. at 630), and thus whether his conduct is protected by the Second Amendment. This threshold determination requires the establishment of facts related to the commission of the offense that are outside of the indictment and not agreed to by the parties. So his as-applied challenge is not properly raised or decided on a Rule 12 motion, and it must be denied without prejudice. *See Pope*, 613 F.3d at 1261-62.

## II. 18 U.S.C. § 922(a)(1)(A).

Next, Mr. Barrera-Esteves seeks dismissal of Count Two of the superseding indictment, which alleges that he "willfully engaged in the business of manufacturing, obtaining and selling" seven firearms without a federal firearms dealer's license in violation of 18 U.S.C. § 922(a)(1)(A).

He styles his argument an as-applied challenge, but it reads instead like two distinct challenges: one facial, the other as-applied. What seems more aptly characterized as a facial challenge is his argument that because the Second Amendment implicitly protects a right to "buy and sell" firearms, §922(a)(1)(A) regulates conduct squarely within its ambit and is consequently unconstitutional. In his as-applied challenge, he contends that the indictment is unconstitutional as applied to him because his gun sales were private affairs (which he contends is protected conduct), and not commercial dealing in firearms.

First, the Court addresses the facial challenge. As a matter of text, the Second Amendment does not protect a right to buy and sell arms. Its protections are not exhausted by its text, however—the Supreme Court has suggested, and lower courts have recognized, that the Second Amendment also protects "necessary concomitant[s]" of the textual right. *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 590 U.S. 336, 364 (2020) (Alito, J., dissenting); *Oakland Tactical Supply, LLC v. Howell Township*, 103 F.4th 1186, 1192-93 (6th Cir. 2024) (affirming the existence of a right to "some training" with firearms as a "necessary corollary" to the right defined in *Heller*); *Ezell v. City of Chicago*, 651 F.3d 684, 704 (7th Cir. 2011) ("[T]he core right wouldn't mean much without the training and practice that make it effective.").

But even if there is *some* right under the Second Amendment to buy and sell arms in certain circumstances, carrying on a business in the buying and selling of firearms is certainly not a *necessary* corollary of the individual right to keep and bear arms, without which that core right would be nugatory. So, to the extent that he argues

that the Second Amendment categorically protects the buying and selling of arms, his facial challenge to the indictment fails, because the commercial sales of arms is beyond the scope of its protections.[2]

Numerous courts confronting challenges to the constitutionality of § 922(a)(1)(A) have reached similar conclusions. *See, e.g., United States v. Degracia, et al.*, No. 23 CR 132 (N.D. Ill. Jan. 29, 2024) ("[S]elling firearms without a license . . . is plainly outside the scope of the Second Amendment's protection of the right to 'keep and bear arms.'"); *see also United States v. Austin*, No. 22 CR 435, 2024 WL 1580079 (S.D.N.Y. Apr. 11, 2024) (collecting cases).

Next, the Court addresses the as-applied challenge. Mr. Barrera-Esteves contends that §922(a)(1)(A) is unconstitutional as applied to him because his sale of arms was not commercial. He describes the conduct alleged against him as being "gun transfers [] small in number and periodic," "small numbers of transfers between individuals," Motion [48] at 8-9, or a "private citizen's" sale of "firearms to other private citizens," Reply [63] at 14.

But the indictment alleges that he transferred seven firearms over the course of less than nine months during 2021-22. Three were privately made firearms. And the government anticipates that the evidence at trial will show that the defendant told law enforcement officers that he sold five "real" guns and ten "ghost" guns to people

---

[2] And even if the commercial sale of arms did fall within the ambit of the Second Amendment, the Supreme Court cautioned in *Heller* that "nothing in our opinion should be taken to cast doubt on . . . laws imposing conditions and qualifications on the commercial sale of arms," and that such regulations were "presumptively lawful." 554 U.S. at 626 n.26; *see also Bruen*, 597 U.S. at 80 (Kavanaugh, J., concurring) (reiterating that nothing in *Heller* casts doubt on laws governing the commercial sale of arms). The challenge would fail on that basis as well.

he knew could not legally possess them because he needed the money to support himself while he was unemployed. Response [58] at 30. Mr. Barrera-Esteves contends that the Court can conclude that he engaged in only private sales of firearms, not commercial sales, based solely on the allegations in the indictment. But even if this kind of buying and selling receives Second Amendment protection, he has not identified any authority to support his proposition that selling seven firearms, some privately made, could never be the type of commercial sale of arms not protected by the Second Amendment. (Moreover, if the facts at trial show that he was merely engaged in "occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms," then by definition he would not have been "engaged in the business" of selling firearms. *See* 18 U.S.C. § 921(a)(21)(C)).

The Court cannot resolve such issues on a motion to dismiss. As Justice Gorsuch wrote while on the Tenth Circuit, when a defendant argues that a firearm regulation is unconstitutional only "when applied to his particular circumstances," then "the who, what, where, when, why and how of his firearm possession *will* determine the validity of his as-applied challenge." *Pope*, 613 F.3d at 1261 (addressing a motion to dismiss a charge brought under 18 U.S.C. § 922(g)(9), which prohibits the possession of a firearm by persons convicted of a misdemeanor crime of domestic violence). The facts alleged in the indictment identify only the number of dates of sales, and do not reveal details of the sales. So the Court cannot determine the nature of the sales and whether they were, as Mr. Barrera-Esteves contends, merely sales between private

individuals, or whether they were, as the government contends the anticipated evidence will show, Mr. Barrera-Esteves' means of supporting himself, or whether the evidence will show something else yet.

Accordingly, to the extent Mr. Barrera-Esteves' motion to dismiss makes a facial challenge to §922(a)(1)(A), the motion is denied. His motion raising an as-applied challenge is denied without prejudice to being raised again based on the evidence presented at trial, if warranted.

Date: July 22, 2024

HON. IAIN D. JOHNSTON
*United States District Judge*

7